## Case No. 2,359.

### CAMPBELL v. HAMILTON.

[4 Wash. C. C. 92.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

COGNIZANCE OF EQUITABLE INTERESTS IN COURTS OF LAW — ACTION AGAINST TRUSTEE ON BOND — PLEADING — EVIDENCE.

1. Bond by the defendant, executor of R C to the plaintiff his co-executor, conditioned to pay a sum of money, which is in his hands as assets, to the plaintiff, for the use of the proper and legal heirs of R C to whom it belongs. R C left two sons, A and B, to whom he devised his estate. A, by an instrument reciting the bond, and that the money belongs to him and B, assigns and releases all his right in and to the same, for a valuable consideration. A court of law notices the equitable interest of an assignee, for many purposes.
[See Platt v. Jerome, 19 How. (60 U. S.) 384; Corser v. Craig, Case No. 3,255.]

2. The beneficial interest in the money, due by this bond, taking the will and bond together, was in A and B; and the plaintiff, by making the bond payable to himself, for the use of A and B, cannot prevent their enjoying their equitable interests, on the ground of want of assets.

3. The release of A cannot be pleaded as such, because A, equitably entitled to only one half of the money, could not release the bond; but it may be given in evidence to prove payment of half his debt.

4. The administrator's account of the defendant, settled in the orphans' court, and accounts stated by the plaintiff with the testator's estate, cannot be given in evidence.

5. The acknowledgments of B of the defendant's accounts, showing that his interest in the bond had been discharged, may be given in evidence by the defendant, to prove payment.

At law. Scire facias to revive a judgment entered upon a bond given by the defendant [Gavin Hamilton] to the plaintiff [Samuel Campbell], executor [of Robert Campbell], for $8,000, with condition to pay the said sum for the use and benefit of the proper and legal heirs of Robert Campbell, the testator, to whom it belongs. Plea, payment, with leave to give the special matter in evidence; of which notice was given. The will of Robert Campbell directs his executors, the plaintiff and defendant, to collect all his debts, interest and rents, and that all shall be appropriated in the best manner, for the future advantage of his children, and for no others, except an annuity to his wife. The testator, at the time of his death, left only two children, Robert and Samuel P. Campbell.

The defendant's counsel, in support of the plea, offered in evidence an instrument under the hand and seal of Robert Campbell, the son, bearing date the 9th of February, 1819, in which, after reciting the abovementioned bond, and that he and his brother are entitled to the same for a full and valuable consideration to him paid, he assigns to the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

defendant all his right and interest in said bond, and in the money due thereby; and adds a power of attorney irrevocable, to the defendant, to do all such acts as he the said Robert might or could do, for carrying the said assignment into effect; and further, he releases all his right, title, interest, claim, demand and property in the said bond, and the moneys due thereby for his use and benefit, to the said Hamilton.

This paper was objected to by the plaintiff's counsel: 1. Because if this be a valid release, it ought to have been pleaded specially. 2. That Robert Campbell had not a legal interest in the bond, and consequently could not release it, or any part of it. 3. It does not appear that the releasor is entitled to any part of this debt, or if to any to what amount, as the executor's accounts must first be settled, to ascertain how much of the assets remain to be distributed. But this is a question which cannot be gone into in this action; which shows the necessity of compelling the defendant to go into equity, by denying him the right to avail himself of this defence at law.

On the other side, it was answered, that, as a legal release, this instrument could not be pleaded, inasmuch as Robert Campbell, having only an equitable interest in the debt, could not release it; but it may be given in evidence as an equitable release. That although the legal right to this bond is vested in the obligee, yet a court of law will notice and regard the beneficial interest, so far as to support payments made to the cestui que trust, allow offsets and the like. 1 Term R. 619, 621; 16 East, 37; 8 Johns. 152. They contended further, that the two sons, though not heirs in technical language, are clearly the persons meant by the testator, for whose benefit the devise was intended.

Sergeant & Lowber, for plaintiff.
Binney & Tod, for defendant.

[Before WASHINGTON, Circuit Justice, and PETERS, District Judge.]

WASHINGTON, Circuit Justice. This court has always been careful to keep separate the equity and common law jurisdiction; and when sitting on one side of the court, never to exercise a jurisdiction properly belonging to the other. But there are cases in which the courts of common law have taken notice of equitable interests and enforced them; thinking it better to do so in those particular instances, than to put the party out of court, and send him to another forum. Thus, in an action on a bond, given to the plaintiff, in trust for another, the defendant will be allowed to set off a debt due from the person beneficially intrusted, in like manner as if such person were, and could be, legally the plaintiff. See 1 Term R. 621, and the cases there cited; 4 Term R. 340; [Winchester v. Hackley] 2 Cranch [6 U. S.] 342; 7 East, 153. So courts of law

will protect the interest of assignees of choses in action, not assignable at law. Thus the obligor cannot plead payment to the obligee after notice of the assignee. 1 Bos. & P. 447. The court will not allow the assignor to discontinue an action brought by the assignee in his name. 1 Mass. 123, 127.

The law being thus settled, what is to prevent its application to this case? It is objected that Robert and Samuel P. Campbell do not appear certainly to be the persons beneficially interested in this bond; and that if they do, still an inquiry into payments made to those persons by the defendants, or a release or acknowledgment by them to the defendant, so as to affect this debt, cannot be gone into in this action without involving another inquiry into and settlement of the accounts of both executors, which it would be difficult to do; and impossible to do, effectually; since the proper and necessary parties are not before the court. If the consequences pointed out by the counsel would necessarily follow by admitting the defence now set up, a very good reason would be assigned why the inquiry should be foreclosed by a rejection of the evidence. But this is not perceived by the court. As executor, the plaintiff had a right to retain the money lent to the defendant, and all the other assets which came to his hands, until the debts against the estate were paid, and the provision made by the will for the widow properly secured. After that, the sons, the only children of the testator, were entitled to the residue. The plaintiff therefore might, if he had chosen, have taken this bond payable to himself absolutely; or if he preferred putting an ear mark on the money due, in order to show that it did not belong to him, but to the estate, he might still have made it payable to himself as executor. But, when he constituted himself a trustee for the two sons, and admitted that the beneficial interest was in those sons, it amounted to an acknowledgment that this sum was not wanted for the purposes of paying debts, and providing for the widow; but that it belonged to the sons as devisees under the will. The money due by the bond no longer remained assets in his hands for general administration, but it was appropriated to a particular use, by which its character, as assets in his hands, was as much changed, as if the condition of the bond had vested the beneficial interest in a stranger.

The expressions in the condition of the bond, "proper and legal heirs of Robert Campbell, to whom it belongs," explained by the will, devising his whole estate to his children, with the exception of a provision for his widow, leave no doubt that the beneficial interest in this debt was made payable to the two sons, the only children of the testator. The condition of the bond states that the money belongs to them, and that it is for their use and benefit. This case is therefore nothing more nor less than the

common one of a debt made payable to A for the use of B. It comes within the principle above stated, which regards, even at law, the beneficial owner as the real one; and, consequently, an inquiry into the state of the executor's accounts cannot possibly be involved in this case. If the plaintiff has improvidently given up this money to the sons, and bound the defendant to pay it for their use, this court, sitting on its law side, can afford him no relief.

As to the objection that this release is not pleaded, the answer is that it could not be pleaded as a release, because Robert Campbell, as the beneficial owner only of a moiety of the debt, could not release it. But it is evidence of payment of his moiety of the debt; and as such, it supports the plea of the defendant.

As to the other moiety of this bond, the defendant gave in evidence an account stated by the defendant, between himself and the two sons, in which he charges himself with the assets of the estate of Robert Campbell, the testator, which had come to his hands, and credits himself with payments made on account of the estate, and also to the sons. This bond forms one of the debits. The account is settled, and a considerable balance being struck in favour of the defendant; Samuel P. Campbell, one of the sons, certifies at the bottom, that he has examined the account, and compared it with the vouchers, and finds the balance stated to be due to the defendant.

This account, so acknowledged, was given in evidence, to prove that the other moiety of this debt had been paid to S. P. Campbell.

The plaintiff's counsel then gave in evidence an assignment, dated the 23d of August, 1816, by Samuel P. Campbell, of all his personal property, including his moiety of this bond, to the plaintiff, George Davis, and John Chambers, in trust, to receive and collect the interest, dividends, incomes, and profits thereof, and after all expenses incurred by them in the execution of the trust, first deducted, to pay over the same to the assignee, during his life, as they accrue, and to his issue living at his death, and if no such issue, then remainder over. The estate assigned is burthened with the sum of $5000, to be raised out of it by the trustees, for the use of the mother of the assignor. The account of the defendant as executor, settled in the orphans' court, as also accounts stated by the plaintiff with the estate of the testator, showing that there was a balance in his favour, so acknowledged by both the sons; and also another account, showing advances made by the plaintiff to the sons, acknowledged by them to be correct, were offered in evidence by the plaintiff, and overruled by the court, upon the ground that they were irrelevant to the issue in this cause and would only tend to involve the court in an investigation of the administration of the estate, which, for the reasons stated in answer to the first question presented for our decision, cannot be gone into in this action. As to the last account abovementioned, the advances are made by the plaintiff out of the estate, in his character as executor, and not in his inofficial or private capacity; and is therefore, equally with the other accounts and for the same reason, improper evidence. In consequence of the above assignment of Samuel P. Campbell in 1816, the defendant's counsel admitted, that the above acknowledgment of Samuel P. Campbell, in the year 1818, of the balance due to the defendant, and consequently of the payment of his moiety of the bond, could not be relied upon as to the principal of the bond, because, by virtue of the assignment, the principal belonged to the trustees to subserve the trusts. But they contended that it was proper evidence to prove payment of the interest, which, by the terms of the deed, was payable. to Samuel P. Campbell. They then proceeded to prove, by other testimony, payments made by the defendant to Samuel P. Campbell, before the deed of trust, and afterwards, but with the assent of the trustees, to a considerable amount. The plaintiff's counsel insisted, that in order to ascertain how much of principal was due to the assignees of Samuel P. Campbell, it would be necessary to state an interest account, and to apply the payments, first to the extinguishment of the accruing interest, and then towards the discharge of the principal.

WASHINGTON, Circuit Justice. The question is, what was the amount due by the defendant, to Samuel P. Campbell upon this bond on the 23d of August, 1816, when the deed of trust was executed, which transferred to the trustees the interest of Samuel P. Campbell, in this bond? But without stating an interest account, and applying the payments, first to the extinguishment of the interest, which ought legally to be done, it seems to be impossible to answer this question. The trustees could in no event be entitled to more than $4000, the half of the principal, because any increase of the debt must necessarily be interest, which belonged to Samuel P. Campbell. But the principal might have been diminished by payments; and very injuriously so in regard to the trustees, if the payments were applied to the discharge of the principal, before the accrued interest was discharged. In short, it seems to me impossible to ascertain what was principal, and what interest, without such a statement. The same observations apply to the payments made subsequent to the deed of trust. When this is ascertained, I admit that the acknowledgment of Samuel P. Campbell, in 1818, will be good evidence that all the interest due to him has been paid.

PETERS, District Judge. did not concur in this opinion throughout; but upon the opin-

ions of the judges being given, the parties agreed to withdraw a juror with a view to adjust the matter out of court.